707 So.2d 1377 (1998)
Lisa Kay Nolen WHITE, Plaintiff-Appellee,
v.
Brent Allen FETZER, Defendant-Appellant.
No. 97-1266.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1998.
*1378 Randy J. Fuerst, Lake Charles, Herman Aubrey White, III, for Lisa Kay Nolen White.
Kathleen Kay, Lake Charles, for Brent Allen Fetzer.
Before DECUIR, AMY and PICKETT, JJ.
PICKETT, Judge.
Appellant, Brent Allen Fetzer, appeals a judgment of the trial court granting an exception of no cause of action and dismissing his rule for increased visitation. For the reasons set out below, we reverse.

FACTS
Brent Allen Fetzer and Lisa Kay Nolen[1] were married on December 30, 1983. Two children were born of the marriage, Ashley Michelle Fetzer and Alexis Nicole Fetzer. The couple separated on October 2, 1993, and were divorced on May 10, 1994. The parties were granted joint custody of the children with Ms. Nolen being named the domiciliary parent by a judgment dated December 6, 1993. Brent was awarded limited visitation with the additional provision that he could visit the children when agreed between the parties.
On November 15, 1994, Mr. Fetzer filed a rule for modification of joint custody. Mr. Fetzer alleged a change of circumstances had occurred since the prior judgment, and requested expanded visitation. In response, Ms. Nolen filed exceptions of no cause of action, vagueness, and prematurity. Following a hearing on January 31, 1995, the trial court dismissed the exceptions of no cause of action and prematurity. The exception of vagueness was granted, and Mr. Fetzer was given ten days to amend his rule. Mr. Fetzer filed his amended rule on April 7, 1995. Thereafter, Ms. Nolen filed a rule seeking contribution to Mr. Fetzer's education and requesting permanent alimony. She requested mediation of the issues presented in Mr. Fetzer's rule and requested psychological evaluations for both parties. After no resolution could be reached between the parties, Mr. Fetzer obtained an ex parte order from the trial court awarding him six weeks' summer visitation on June 22, 1995. In response, Ms. Nolen filed a motion to rescind the order and filed a rule for sanctions. On June 27, 1995, the trial court issued an ex parte order rescinding the previous order.
On September 18, 1995, the parties entered into a joint stipulation in which they *1379 adopted a new joint custody plan that increased the visitation rights of Mr. Fetzer. The joint custody plan included a provision that stipulated the plan was to be treated as a considered decree, and any further action to change or modify the plan was subject to the jurisprudential requirements set forth in Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986). Subsequently, Mr. Fetzer filed a rule for increased visitation on April 11, 1997. Ms. Nolen responded by filing an exception of no cause of action and a rule for sanctions. In her exception, Ms. Nolen argued that Mr. Fetzer had failed to meet the requirements of Bergeron.
The trial court granted the exception of no cause of action and dismissed the rule filed by Mr. Fetzer after a hearing on June 16, 1997. The trial court concluded that, based on the pleadings, Mr. Fetzer failed to state a cause of action. The trial court further concluded that the Bergeron burden of proof was applicable in this matter. Mr. Fetzer now appeals.

OPINION
Mr. Fetzer, in appealing the ruling of the trial court, sets forth the five assignments of error, namely:
(1) The trial court erred in granting a peremptory exception of no cause of action on the basis of an agreement that was not part of the pleading excepted.
(2) The law does not provide for application of the high burden of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986) to a request for modification of visitation and granting of an exception of no cause of action for failure to plead that standard would be error.
(3) The trial court erred in applying the burden of Bergeron insofar as there has never been issued a considered decree.
(4) The trial court erred in concluding that the joint custody plan agreed to by the parties requires application of the high burden of proof in Bergeron insofar as the language of the plan states it applies to changes in custody.
(5) The trial court erred in enforcing an extrajudicial burden of proof imposed by contract rather than considering the best interests of the children.

ASSIGNMENT NUMBER ONE
The peremptory exception pleading the objection of no cause of action is a procedural device used to test the legal sufficiency of the petition. Ward v. Tenneco Oil Company, 564 So.2d 814, 820 (La.App. 3 Cir. 1990). In other words, the exception pleading the objection of no cause of action tests whether, under the allegations of the petition, the law affords any remedy for the grievance asserted. Bellah v. State Farm Fire and Casualty Ins. Co., 546 So.2d 601, 603 (La.App. 3 Cir.1989); Bordelon v. Cochrane, 533 So.2d 82, 84 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1255 (La.1989). For the purposes of ruling on the exception, the court must accept all of the allegations of the petition as true and sustain the exception only if the law affords no remedy under any evidence that is admissible under the pleadings. Ward v. Tenneco Oil Company, 564 So.2d at 820; Bellah v. State Farm Fire and Casualty Co., 546 So.2d at 603.
Generally, no evidence may be introduced to support or controvert the exception. Woodland Ridge Association v. Cangelosi, 94-2604 (La.App. 1 Cir. 10/6/95); 671 So.2d 508, 510. However, as set forth in City National Bank of Baton Rouge v. Brown, 599 So.2d 787, 789 (La.App. 1 Cir.), writ denied, 604 So.2d 999 (La.1992), the jurisprudence recognizes an exception to this rule, which allows the court to consider evidence which is admitted without objection to enlarge the pleadings. Woodland Ridge Association v. Cangelosi, 671 So.2d at 510. Otherwise, the exception is triable on the face of the pleadings and, for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. City of New Orleans v. Board of Commissioners of Orleans Levee District, 93-690 (La.7/5/94); 640 So.2d 237, 241.
In the instant case, Mr. Fetzer argues that the trial court erred in considering the joint custody plan in reaching its conclusion. He further argues that since the rule does not specifically reference the plan or *1380 adopt the plan as part of the pleading, it should not have been considered by the trial court. We find these arguments to be without merit. In his rule for increased visitation, Mr. Fetzer states that he "is allowed specific visitation rights with his children pursuant to a judgment entered in by this court on September 18, 1995." The judgment he references specifically provides:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment granting LISA KAY NOLEN WHITE and BRENT ALLEN FETZER the joint care, custody and control of their minor daughters, ALEXIS NICOLE FETZER and ASHLEY MICHELLE FETZER, in accordance with the Joint Custody Plan attached hereto.
While the rule does not specifically reference the joint custody plan, the judgment it does reference does adopt the plan as part of the judgment. As such, the trial court correctly reviewed the joint custody plan in reaching its decision. Accordingly, we find the trial court did not err in considering the joint custody plan determining the exception of no cause of action.

ASSIGNMENT NUMBER TWO
In Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), the supreme court stated that in a case involving modification of a considered decree of permanent custody, the burden of proof for the petitioning party is to show that the continuation of the present custody is so deleterious to the child so as to justify the modification, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Id. at 1200. The purpose of this heavy burden is to avoid extensive and repetitive litigation that could be harmful to the child and to avoid unnecessary changes in the child's life. Id.
However, visitation is not strictly a "species of custody" and, instead, has an independent basis in the Civil Code. La.Civ. Code art. 136, Revision Comments 1993(b). A change in visitation rights is not as substantial as a change in actual physical custody. Mosely v. Mosely, 499 So.2d 106 (La. App. 1 Cir.1986), writ denied, 505 So.2d 1138 (La.1987). In such cases, a showing that the change in visitation is in the best interest of the child is sufficient. Bennett v. Bennett, 95-152 (La.App. 3 Cir. 5/31/95); 657 So.2d 413.
In the case at hand, Mr. Fetzer filed a rule for increased visitation. Accordingly, in addressing Mr. Fetzer's request for increased visitation, the trial court erred in applying the Bergeron standard rather than the appropriate "best interest of the child" standard. Therefore, the trial court's judgment will be reversed and the matter will be remanded to allow the trial court to consider Ms. Nolen's exception of no cause under the proper standard. If the trial court determines that Mr. Fetzer's rule does not state a cause of action, the court will allow Mr. Fetzer a delay in which to amend, if possible, his rule for increased visitation pursuant La.Code Civ.P. art. 934. We find Mr. Fetzer's remaining assignments of error to be moot.

DISPOSITION
The judgment sustaining the exception of no cause of action and dismissing Mr. Fetzer's rule is reversed. The matter is remanded for further proceedings in accordance with the law and this opinion. All costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.
NOTES
[1] Lisa Kay Nolen has remarried since the divorce and now goes by the name Lisa Kay Nolen White.