927 So.2d 433 (2005)
Jeffrey P. CEDOTAL
v.
Frances Walker CEDOTAL.
No. 2005 CU 1524.
Court of Appeal of Louisiana, First Circuit.
November 4, 2005.
*434 Diana M. Sanders, Raceland, Counsel for Defendant/Appellant, Frances Walker Cedotal Robichaux.
Jeffrey P. Cedotal, Houma, Plaintiff/Appellee, In Proper Person.
Before: CARTER, C.J., DOWNING and GAIDRY, JJ.
CARTER, C.J.
A mother appeals the trial court judgment modifying the original consensual custody agreement to a fifty-fifty sharing of physical custody by the parents. Finding that the trial court committed legal error, we reverse the trial court's judgment and remand the matter to district court for further proceedings.

FACTS AND PROCEDURAL HISTORY
Jeffrey P. Cedotal (Mr. Cedotal) and Frances Walker Cedotal Robichaux (Mrs. Robichaux) married on April 21, 1998, in Terrebonne Parish, Louisiana, where they established a matrimonial domicile. One child was born of this union on October 17, 1998.
On March 8, 2001, Mr. Cedotal instituted an action for divorce and determination of incidental matters. Mrs. Robichaux thereafter filed a rule for child support and joint custody of the minor child. On July 18, 2001, the parties entered into an interim consent judgment with respect to various issues relating to child support and custody. Mr. Cedotal was allocated physical custody of the child every other weekend and one overnight visitation on Tuesdays. A judgment to this effect was signed on August 22, 2001. The parties were divorced pursuant to a November 16, 2001, judgment.
On February 27, 2002, the parties entered a second consent judgment. Under the pertinent terms of this judgment, the parties were to share joint custody of the child, with Mrs. Robichaux being designated as the primary domiciliary parent. Mr. *435 Cedotal was allocated physical custody of the child, referred to in the Joint Custody Implementation Plan as "visitation," every other weekend, with the exception of the second weekend of each month. Preceding the second weekend of each month, Mr. Cedotal was allocated physical custody from Wednesday evening until Saturday morning. The parties were not able to agree to a physical custody schedule for holidays.
On June 26, 2002, Mr. Cedotal filed a rule seeking in pertinent part the establishment of a holiday schedule. Mr. Cedotal then filed a supplemental rule to show cause requesting that the court modify the existing custody plan to provide for specific telephone communication times and to permit him to have the child every weekend and every Wednesday. The rules were heard on November 8, 2002.
After taking the matter under advisement, the trial court signed a judgment on December 20, 2002, establishing a holiday schedule. Mr. Cedotal devolutively appealed the December judgment. Cedotal v. Cedotal, 03-1180 (La.App. 1 Cir. 12/12/03), 861 So.2d 947 (unpublished). One of the issues presented for review was whether the trial court failed to apply the law in not ordering an equal sharing of the physical custody of the child, a seven-seven schedule. Following a review of the record, this court declined to "say that the trial court erred in failing to modify the present Joint Custody Implementation Plan."
On June 3, 2004, Mr. Cedotal filed a new rule to show cause, seeking among other matters a reduction in child support. On July 22, 2004, Mrs. Robichaux filed her own rule to show cause, therein requesting a modification of the February 27, 2002, consent judgment.
The outstanding matters were taken up on August 27, 2004. The matter recessed, and on October 12, 2004, the trial court signed an interim custody plan. Under the interim plan, joint custody was maintained. Mr. Cedotal's physical custody of the child during the school year was changed to every other weekend. During the summer months, physical custody would be exercised in alternating weeksa seven-seven schedule, with Mr. Cedotal receiving an additional five days with the child. The court also ordered a reduction in Mr. Cedotal's child support obligation, to be handled through an existing income assignment order.
The matter was set for a status hearing, ultimately held on January 10, 2005, and the court allowed the parties two weeks to agree to a schedule allocating physical custody, said schedule to provide Mr. Cedotal additional physical custody of the child. Unable to amicably settle the matter, a hearing was held March 10, 2005, pursuant to Mr. Cedotal's filing of a "Motion and Order to Set for Hearing."
On March 21, 2005, the trial court signed a judgment maintaining the award of joint custody of the minor child. Physical custody was modified, with the parties to share "physical custody" of the child on a seven-seven basis. The existing holiday schedule was to remain in effect, and in the future, the holiday schedule would preempt the seven-seven schedule. The judgment was silent as to the domiciliary parent.
Mrs. Robichaux devolutively appeals the March 21, 2005, judgment, assigning three issues for this court's consideration:
1. Is an alternating week custody plan in the best interest of this child?
2. Was sufficient evidence presented to justify a modification of custody?
3. Did the trial court err in ordering a review hearing on a consent agreement?
*436 Finding the trial court erred in applying an incorrect legal standard to a request for modification of an existing consensual custody decree, we reverse.

DISCUSSION

Burden of Proof
This matter was taken up pursuant to Mr. Cedotal's February 14, 2005, motion seeking additional "visitation privileges," wherein he sought to obtain equal physical custody of the child by way of alternating weeks. Mr. Cedotal's use of the term "visitation" was misleading. Because Mr. Cedotal shares joint custody with Mrs. Robichaux, LSA-C.C. art. 136regarding visitation rights of parents who are not granted custody or joint custodyis inapplicable. DeSoto v. DeSoto, 04-1248 (La. App. 3 Cir. 2/2/05), 893 So.2d 175, 177.
The time that parents with joint legal custody share with their child is more properly described as a physical custody allocation of a joint custody plan, rather than as visitation. LSA-R.S. 9:335; Francois v. Leon, 02-0460 (La.App. 3 Cir. 11/27/02), 834 So.2d 1109, 1112. Physical custody is actual custody. As the Louisiana Supreme Court has explained:
The term "custody" is usually broken down into two components: physical or "actual" custody and legal custody. The typical joint custody plan will allocate time periods for physical custody between parents so as to promote a sharing of the care and custody of the child in such a way as to ensure the child of frequent and continuing contact with both parents.
Evans v. Lungrin, 97-0541 (La.2/6/98), 708 So.2d 731, 737.
When a custody decree is, as herein, a stipulated or consensual judgment, a party seeking modification of custody must prove that there has been a material change in circumstances (also referred to as a change in circumstances materially affecting the welfare of the child) since the original decree, as well as prove that the proposed modification is in the best interest of the child. Shaffer v. Shaffer, 00-1251 (La.App. 1 Cir. 9/13/00), 808 So.2d 354, 356-357 n. 2, writ denied, 00-2838 (La.11/13/00), 774 So.2d 151.
The Louisiana Supreme Court has rightly recognized that unjustified litigation, the threat of litigation, or continued parental conflict can bring about unfavorable emotional consequences for a child. See Bergeron v. Bergeron, 492 So.2d 1193, 1200 (La.1986). This policy is as applicable to attempts to change physical custody as it is to attempts to change legal custody. Davenport v. Manning, 95-2349 (La.App. 4 Cir. 6/5/96), 675 So.2d 1230, 1232. Therefore, a parent seeking modification of a "physical" custody decree must meet the two-prong test. See Lee v. Lee, 34,025 (La.App. 2 Cir. 8/25/00), 766 So.2d 723, 726, writ denied, 00-2680 (La.11/13/00), 774 So.2d 150.
Mr. Cedotal, as the parent seeking modification of a consensual custody decree, bore the burden of establishing the occurrence of a change in circumstances materially affecting the welfare of his child and that his proposed modification of the existing custody arrangement would be in the best interest of his child.

Legal Error
The record in this case reflects that the trial court failed to apply the appropriate burden of proof prior to modifying the existing custody decree. In effect, Mr. Cedotal obtained a modification of physical custody strictly on a showing that his proposed modification would be in the best interest of the child. During the hearing, the trial court stated:

*437 The Court is taking up this matter as a rule to show cause why visitation should not be extended in favor of the father Jeffrey Cedotal.
* * *
[Mr. Cedotal] You, obviously have to prove to the Court, it's your burden to prove to me that it is in the best interest of your daughter to have the visitation as you want it to be, all right. That it's good for her, and that's your burden.
It is true that the paramount consideration in any determination of child custody is the best interest of the child. LSA-C.C. art. 131; Shaffer, 808 So.2d at 357. However, the best interest of the child is not the sole, nor the first, consideration when one seeks a modification of custody. A trial court should first ascertain whether a change in circumstances materially affecting the welfare of the child has occurred. In Bergeron, 492 So.2d at 1195, the Louisiana Supreme Court explained the important reasons for the "changed circumstances" rule:
[I]t is desirable that there be an end of litigation and undesirable to change the child's established mode of living except for imperative reasons. Moreover, to require a party to show a change in circumstances materially affecting the child's welfare before contesting an award of custody, that he previously has had a full and fair opportunity to litigate, protects his adversary and the child from the vexation and expense attending multiple unjustified lawsuits, conserves judicial resources, and fosters reliance on judicial actions by minimizing the possibility of inconsistent decisions.
(Citations omitted.)
The trial court's failure to determine whether a change in circumstances materially affecting this child had occurred constitutes legal error. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it canif the record is otherwise completeto render judgment on the record by applying the correct law and determining the essential material facts de novo. Evans, 708 So.2d at 735; see Polezcek v. Polezcek, 99-2076 (La.App. 1 Cir. 2/18/00), 752 So.2d 402, 404.
In this case, however, the trial court's legal error effectively precluded both parents the opportunity for a complete presentation of evidence, preventing this court from making a determination regarding whether a change in circumstances materially affecting the welfare of this child has occurred. A complete record is essential in that each child custody case must be viewed within its own peculiar set of facts. R.J. v. M.J., 03-2676 (La.App. 1 Cir. 5/14/04), 880 So.2d 20, 23.

CONCLUSION
For the foregoing reasons, we reverse the March 21, 2005, custody judgment and remand this matter to the trial court for further proceedings consistent with this opinion. All costs of this appeal are assessed to the plaintiff-appellee, Jeffrey P. Cedotal.
JUDGMENT REVERSED AND REMANDED.