STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-300


SUSAN ELIZABETH JACKSON PICCIONE

VERSUS

RICHARD JAMES PICCIONE


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-993217
HONORABLE PHYLLIS M. KEATY, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

REVERSED AND REMANDED.


Susan Lorna Theall
Attorney at Law
1304 Lafayette Street
Lafayette, LA 70501
(337) 264-9000
Counsel for Defendant-Appellant:
Richard James Piccione

Julie Koren Vaughn Felder
Attorney at Law
P. O. Box 80399
Lafayette, LA 70598
(337) 856-3444
Counsel for Plaintiff-Appellee:
Susan Elizabeth Jackson Piccione

**PICKETT, Judge.**

Dr. Richard Piccione appeals a judgment of the trial court granting his former wife's peremptory exception of no cause of action and dismissing his rule for a change in custody/visitation.

## STATEMENT OF THE CASE

Dr. Piccione and Susan Jackson Piccione-Mitchell were married in 1993. They had two children, Caroline, born in 1997, and Jackson, born in 1999. Soon after Jackson's birth, the couple separated. They were divorced on January 27, 2000. Following several months of litigation, the trial court issued a judgment on the issues of child support, spousal support, and other ancillary matters. *See Piccione v. Piccione*, 01-1086 (La.App. 3 Cir. 5/22/02), 824 So.2d 427.

Dr. Piccione filed a Rule to Increase Visitation on April 1, 2008. Ms. Piccione-Mitchell responded by filing a Peremptory Exception of Failure to State a Cause of Action. Ms. Piccione-Mitchell alleged that the rule filed by Dr. Piccione failed to state a cause of action because the parties previously litigated the issue of custody, resulting in the trial court issuing a considered decree as contemplated by *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). Pursuant to *Bergeron*, Ms. Piccione-Mitchell argues that Dr. Piccione "bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *Bergeron*, 492 So.2d at 1200.

Dr. Piccione argued that the parties entered into a consent judgment regarding custody in 2000 and the high burden for a change in custody enunciated in *Bergeron*

1

is inapplicable. The trial court heard arguments on the exception of no cause of action on September 25, 2008. At the conclusion of the hearing, the trial court granted the exception, finding the *Bergeron* burden of proof applied in this case and Dr. Piccione's rule failed to meet that standard. The trial court signed a judgment in conformity with its ruling that day. Dr. Piccione now appeals.

## ASSIGNMENTS OF ERROR

Dr. Piccione asserts three assignments of error:

1. The trial court erred in concluding that a considered decree of custody had previously been rendered.

2. The trial court erred in determining that the burden of proof enunciated in *Bergeron v. Bergeron* applies to a request for increased visitation when a party seeks modification of a consent judgment.

3. The trial court erred in granting the exception of no cause of action.

## DISCUSSION

The supreme court in *Darville v. Texaco, Inc.*, 447 So.2d 473, 474-75 (La.1984), stated:

> The purpose of an exception of no cause of action is to determine the sufficiency in law of the petition. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well pleaded facts in the petition must be accepted as true. La.C.C.Pro. art. 927; *Mayer v. Valentine Sugars, Inc.*, 444 So.2d 618 (La.1984); *Haskins v. Clary*, 346 So.2d 193 (La.1977). The general rule applicable to a trial of such exception is that an exception of no cause of action must be overruled unless the allegations of the petition exclude every reasonable hypothesis other than the premise upon which the defense is based; that is, unless the plaintiff has no cause of action under any evidence admissible under the pleadings. *Haskins*, *supra* at 195; *West v. Ray*, 210 La. 25, 26 So.2d 221 (1946).

"When a Court can reasonably do so, it should maintain the petition so as to afford a litigant an opportunity to present his evidence." *Owens v. Martin*, 449 So.2d 448, 452 (La.1984).

2

In *White v. Fetzer*, 97-1266, p. 5 (La.App. 3 Cir. 3/6/98), 707 So.2d 1377, 1380, *writ denied*, 98-931 (La. 5/15/98), 719 So.2d 466, this court stated:

> In *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), the supreme court stated that in a case involving modification of a considered decree of permanent custody, the burden of proof for the petitioning party is to show that the continuation of the present custody is so deleterious to the child so as to justify the modification, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. *Id.* at 1200. The purpose of this heavy burden is to avoid extensive and repetitive litigation that could be harmful to the child and to avoid unnecessary changes in the child's life. *Id.*
>
> However, visitation is not strictly a "species of custody" and, instead, has an independent basis in the Civil Code. La.Civ.Code art. 136, Revision Comments 1993(b). A change in visitation rights is not as substantial as a change in actual physical custody. *Mosely v. Mosely*, 499 So.2d 106 (La.App. 1 Cir.1986), *writ denied*, 505 So.2d 1138 (La.1987). In such cases, a showing that the change in visitation is in the best interest of the child is sufficient. *Bennett v. Bennett*, 95-152 (La.App. 3 Cir. 5/31/95); 657 So.2d 413.

We find that Dr. Piccione's Rule for Increased Visitation did not seek to alter the custody arrangement, only the visitation schedule of the children. As such, it is unnecessary for us to determine whether the original custody judgment was a consent judgment or a considered decree. It is enough for us to find that Dr. Piccione's Rule for Increased Visitation states a valid cause of action.

The judgment of the trial court granting the exception of no cause of action is reversed, and the case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Ms. Piccione-Mitchell.

**REVERSED AND REMANDED.**