NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-210

MEHE HAFAIEDH LAMBERT

VERSUS

CHARLES WILLIE FONTENOT

consolidated with 13-211

CHARLES WILLIE FONTENOT

VERSUS

MEHE HAFAIEDH LAMBERT

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20101765 C/W 20102545
HONORABLE SUSAN THEALL, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett
and Shannon J. Gremillion, Judges.

REVERSED AND REMANDED.

Anne E. Watson
Attorney at Law
232 North Liberty Street
Opelousas, LA   70570
(337) 942-9790
COUNSEL FOR APPELLANT:
     Mehe Hafaiedh Lambert

**Robin J. Magee**
**Oats & Hudson**
**100 E. Vermilion Street, Suite 400**
**Lafayette, LA 70501**
**(337) 233-1100**
**COUNSEL FOR APPELLEE:**
     **Charles Willie Fontenot**

**PICKETT, Judge.**

The trial court found that a previous custody decree in favor of Charles Willie Fontenot was a considered decree, and dismissed Mehe Hafaiedh Lambert's rule to change custody by maintaining an exception of no cause of action filed by Charles Willie Fontenot. Ms. Lambert now appeals.

## STATEMENT OF THE CASE

Ms. Lambert and Mr. Fontenot have one child, Charles-Amir Hafaiedh, born August 8, 2008. The parties were never married. Litigation over the custody of their son began in March 2010. On August 12, 2010, the original trial judge assigned to this case, Judge Phyllis Keaty, awarded joint custody to Ms. Lambert and Mr. Fontenot pending a custody evaluation by an expert psychologist. Within two weeks, Mr. Fontenot filed an ex parte petition seeking custody of Amir. He alleged that Ms. Lambert's living situation was inadequate. The trial court granted custody to Mr. Fontenot. Ms. Lambert countered with a motion for contempt, alleging a violation of the judge's original order. Before a hearing could be held on these motions, both parties dismissed their petitions and returned to the temporary custody arrangement, pending a custody evaluation by a different expert.

Before the report of the new expert was completed, a hearing to consider Mr. Fontenot's Petition for Permanent Custody began on March 17, 2011. Because Judge Keaty had been elected to this court, the hearing was held before Judge Anne Simon, the *pro tempore* judge appointed to fill the vacancy pending an election. At this hearing, Mr. Fontenot was represented by counsel, while Ms. Lambert was not. Mr. Fontenot introduced evidence from Ms. Lambert's older

son's grandmother, his own mother, and a private investigator. Mr. Fontenot and Ms. Lambert testified, and the custody evaluation from Dr. Amy Cavanaugh was introduced when the hearing was continued on April 18, 2011.

At the conclusion of the hearing, Judge Simon urged the parties once again to enter into an agreement about who should have custody. When Ms. Lambert and counsel for Mr. Fontenot indicated that they could not reach an agreement, Judge Simon granted joint custody and named Mr. Fontenot the domiciliary parent. Judge Simon specifically stated that she did not want the judgment to be classified as a considered decree. Mr. Fontenot's counsel drafted a judgment including language that the judgment was not to be a considered decree, which the trial court signed on April 21, 2011. Neither party appealed that judgment. It is, therefore, a final judgment.

On March 12, 2012, Mr. Fontenot filed a Motion to Amend Judgment, seeking to delete the language in the April 21, 2011 judgment stating that it was not a considered decree. Judge Susan Theall, who had been elected to replace Judge Keaty, summarily denied the motion, citing the minute entry reflecting that Judge Simon's judgment was not to be considered a final custody decree.

On July 12, 2012, Ms. Lambert filed a Rule to Change Domiciliary Parent. In response, Mr. Fontenot filed peremptory exceptions of no right of action and no cause of action, alleging that the previous judgment was a considered decree and Ms. Lambert failed to allege a material change in circumstances as required by *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). Judge Theall held a hearing on the exceptions on September 27, 2012. After taking the matter under advisement, she granted the peremptory exception of no cause of action and dismissed Ms. Lambert's Rule to Change Domiciliary Parent. Ms. Lambert now appeals.

2

## ASSIGNMENTS OF ERROR

Ms. Lambert asserts three assignments of error:

1.  Did the trial court commit legal error in granting the Exception of No Cause of Action and No Right of Action filed by Charles Willie Fontenot thereby dismissing Mehe Hafaiedh Lambert's Rule to Change Domiciliary Parent as not meeting the *Bergeron v. Bergeron* standard?

2.  Did the Trial Court commit legal error by refusing to apply the final Judgment of the Honorable Judge Simon (in her capacity as Ad Hoc [sic] Judge) as the "law of the case" when Judge Simon specifically signed a Custody Judgment that specifically stated that the matter was "not to be a considered decree," and said Judgment was never appealed by either party?

3.  Did the Trial Court err when it effectively amended and/or modified Judge Simon's final Judgment by not following it because the Trial Court thought it was wrong, although the Judgment was never appealed?

## DISCUSSION

The supreme court discussed the standard of review of an exception of no cause of action in *Fink v. Bryant*, 01-0987, pp. 3-4 (La.11/29/01), 801 So.2d 346, 348-349 (citations omitted):

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.

3

Pursuant to *Bergeron*, the burden of proof for the party petitioning for a change of custody "is to show that the continuation of the present custody is so deleterious to the child so as to justify the modification, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *White v. Fetzer*, 97-1266 (La.App. 3 Cir. 3/6/98), 707 So.2d 1377, 1380, *writ denied*, 98-931 (La. 5/15/98), 719 So.2d 466. Ms. Lambert argues that because Judge Simon specifically held that the judgment she rendered was not a considered decree, she does not have to meet this heightened burden.

Absent the language claiming it is not a considered decree, all parties agree that the judgment rendered by Judge Simon is clearly a considered decree. The face of the judgment, however, states that it is not to be treated as such. Mr. Fontenot did not appeal that judgment, despite Judge Simon's invitation for him to do so while ruling from the bench. Mr. Fontenot's motion to amend the judgment, and later the exception of no right of action, constitute an attempt to perfect an out of time appeal of a final judgment.

Ms. Lambert, who was not represented by counsel at the March/April 2011 hearing, is entitled to rely on the terms of the judgment issued by Judge Simon. Mr. Fontenot's counsel drafted the judgment to conform to the trial court's oral ruling and knew that there was a question about whether the judgment was legally correct, but failed to perfect an appeal. Judge Theall properly thwarted his attempt to amend the judgment in March 2012. Mr. Fontenot, by virtue of an exception of no cause of action, cannot subsequently seek the same relief. The judgment of the trial court is reversed.

## CONCLUSION

The judgment of the trial court granting Mr. Fontenot's peremptory exception of no cause of action is reversed. The exception is denied. This case is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed to Mr. Fontenot.

**REVERSED AND REMANDED.**