STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2019 CU 0566

SCOTT JOSEPH FIN

VERSUS

REMY BAUS FIN

Judgment Rendered: SEP 2 7 2019

* * * * *

On Appeal from the
20th Judicial District Court
In and for the Parish of West Feliciana
State of Louisiana
Trial Court No. 22,762

Honorable William G. Carmichael, Judge Presiding

* * * * *

Deborah P. Gibbs                          Attorney for Plaintiff-Appellee,
Baton Rouge, LA                           Scott Joseph Fin

Natalie C. Neale                          Attorney for Defendant-Appellant,
Baton Rouge, LA                           Remy Baus Fin

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

In this child custody matter, the mother, Remy Fin, challenges a judgment of the trial court designating the father, Scott Fin, as domiciliary parent.

## FACTUAL AND PROCEDURAL HISTORY

Remy Fin and Scott Fin were married on April 16, 2006, and during their marriage two children were born: Joseph Baus Fin ("Baus") born September 29, 2008 and Elena Eugenie Fin ("Lena") born March 20, 2010. On September 12, 2016, Scott filed a petition for divorce and for determination of incidental matters, including a request for joint custody of the minor children and designation of him as domiciliary parent. Remy answered the petition and filed a reconventional demand also requesting joint custody and designation of her as the domiciliary parent.

On January 11, 2017, Remy and Scott entered into a consent judgment awarding the parties joint custody without designation of a domiciliary parent. The judgment also set out a holiday schedule, allowed for uninterrupted vacation time, and provided that "all major decisions regarding the minor children shall be mutually agreed upon by the parties including, but not limited to, changing schools for the minor children, enrollment in school, medical decisions, and choice of third party care providers, etc. The children shall remain at St. James until they graduate, unless otherwise agreed to by the parties." On February 22, 2017, the parties were divorced.

Thereafter, on October 29, 2018, Scott filed a "Rule to Modify Custody" requesting that he be designated as domiciliary parent and that the custody schedule be modified so that the children reside primarily with him during the school year. In the alternative, Scott requested that he be awarded legal authority to make decisions with regard to school enrollment for the minor children pursuant to La. R.S. 9:335A(3). In his rule, Scott pointed out that Baus was graduating from St. James

2

in May 2019, and the parties had been unable to agree upon his school placement after his graduation. Remy answered Scott's rule to modify custody and filed a reconventional demand requesting that custody of the children remain week to week, and that she be designated as domiciliary parent. In the alternative, she requested that she be granted the authority to make decisions regarding school enrollment for the minor children.

Scott's rule and Remy's answer and reconventional demand came before the trial court on January 22, 2019. Prior to the hearing, the parties entered into several stipulations including: the continuation of week-to-week custody, a holiday schedule, and that "all major decisions regarding the children shall be discussed by the parties including, but not limited to, changing schools for the minor children, enrollment in school, medical decisions, and choice of third party care providers." The parties also stipulated that the minor children should be enrolled in St. Luke's Episcopal School for the school year commencing August 2019.

Thus, the only issue that remained for the trial court to decide was the designation of the domiciliary parent. After consideration of the evidence and testimony of the witnesses, the trial court rendered judgment designating Scott as the domiciliary parent. On February 28, 2019, the trial court signed a judgment that included the stipulations of the parties as well as the trial court's designation of Scott as domiciliary parent. It is from this judgment that Remy appeals.

## LAW AND ANALYSIS

In her first assignment of error, Remy contends that the trial court committed legal error by applying the incorrect principles of law to the modification of an existing custody decree. Specifically, Remy argues that the trial court's failure to determine whether a material change in circumstances has occurred since the January 11, 2017 consent judgment before modifying the judgment constituted legal error.

3

When a custody decree is, as herein, a stipulated or consensual judgment, a party seeking modification of custody must prove that there has been a material change in circumstances (also referred to as a change in circumstances materially affecting the welfare of the child) since the original decree, as well as prove that the proposed modification is in the best interest of the children. See **Cedotal v. Cedotal**, 2005-1524 (La. App. 1st Cir. 11/4/05), 927 So.2d 433, 436. As pointed out by Justice Weimer (then Judge Weimer) in a concurrence in **Shaffer v. Shaffer**, 2000-1251 (La. App. 1st Cir. 9/13/00), 808 So.2d 354, writ denied, 2000-2838 (La. 11/13/00), 774 So.2d 151, in determining whether there is a material change in circumstances "[i]t is the child upon whom we must focus. Life changes may occur, but if the changes do not have an effect on the welfare of the child, then no change in custody is justified." **Shaffer**, 808 So.2d at 360. (Weimer J., concurring.)

On October 29, 2018 and November 8, 2018 respectively, Scott and Remy each filed a pleading requesting that the trial court designate him or her as domiciliary parent. As they were both seeking a modification to the January 11, 2017 consent custody judgment that did not designate a domiciliary parent, they bore the burden of proving that there had been a change in circumstances materially affecting the welfare of the children since the judgment; and that the proposed modification, *i.e.* designation of either Remy or Scott as domiciliary parent, was in the best interest of the minor children. See **Tinsley v. Tinsley**, 2016-0891 (La. App. 1st Cir. 1/18/17), 211 So.3d 405, 412.

Prior to the beginning of trial, the following discussion occurred:

> The Court: the last time, I think, the parties reserved their right to ask for the -- a designation of the – I don't think there's anything in the former judgment about a custodial parent.
>
> Counsel for Scott: There's none.
>
> The Court: -- or domiciliary parent –
>
> Counsel for Scott: That's correct.

4

However, the prior judgment states "Scott Joseph Fin and Remy Baus Fin are awarded the joint custody of the two minor children, Joseph Baus Fin and Elena Eugenie Fin, **without designation of a domiciliary parent**, subject to a shared custody plan to be agreed upon by the parties, reserving to the parties the right to seek an Implementation Plan if necessary."

Further, the trial court in rendering its decision stated:

> [T]here's been a lot of testimony about how terrible you are. And there are good reasons why I shouldn't appoint either one of you, and there are good reasons why both of you should be appointed the domiciliary parent...based on the evidence I've heard and my reaction to that evidence, Scott Joseph Fin will be designated the domiciliary parent.

After consideration of the transcript, we agree with Remy's contention that the trial court erred in not considering whether there was a material change in circumstances since the January 11, 2017 consent judgment. Accordingly, we reviewed the record to determine if there has been a material change of circumstances affecting the welfare of the children since the January 11, 2017 judgment.

During his testimony, Scott requested that he be designated as domiciliary parent as a "fallback apparatus" to be best prepared because he felt his decision process is very stable and structured, and he does not like to leave things that can be dealt with to chance. Scott expressed frustration that Remy started applying to schools for Baus without communicating or consulting with him. He acknowledged that the parties' discussion regarding school was contentious. Scott testified that he provides more stability for the children and is primarily the parent who takes the children to their doctor and dentist appointments.

Remy requested that she be designated as domiciliary parent mainly because of a lack of communication between her and Scott, and a fear that if Scott is named domiciliary parent, she will have less access to the kids and will not have any voice

5

in decisions because he is controlling and does not consult her. Remy testified regarding an art camp that Scott signed the children up for without consulting Remy, a disagreement on where Lena would play soccer, a missed homework assignment on Scott's time, communion photographs Remy was not made aware of, and that Scott did not always facilitate—and sometimes discouraged—the children from contacting her on his time. Remy testified that Scott has been mean and rude to her at times.

A review of the record reveals that the catalyst for Scott's October 29, 2018, "Rule to Modify Custody" was the parties' inability to agree on a school for Baus to attend after he graduated from St. James. However, prior to the trial, the parties were able to agree on a new school for both children. Scott and Remy do not always initially agree on what is right for the children, both admit to a lack of communication, and both have occasionally signed the children up for activities without discussion with the other parent. Nevertheless, in every post-separation scenario Scott and Remy discussed, they were able to eventually agree and work out the details to do what was in the best interest of their children. The record revealed that while the parties do not necessarily get along with each other, there was no evidence establishing that the issues Scott and Remy complained about regarding no designation of a domiciliary parent were materially effecting Baus or Lena. Therefore, we find that there was no evidence of a material change in circumstances affecting the welfare of the children since the January 11, 2017 consent judgment.

Because the first requirement for modifying the consent judgment was not satisfied, and the required change was not shown, the inquiry ends and there is no basis for altering the physical custody decree. See **Tinsley**, 211 So.3d at 418. Consequently, we reverse the judgment of the trial court insofar as it named Scott as domiciliary parent.

6

**CONCLUSION**

The portion of the February 28, 2019 judgment naming Scott Finn as domiciliary parent is reversed, and the portion of the January 11, 2017 judgment not designating a domiciliary parent is reinstated. All costs of this appeal are to be divided between Scott Finn and Remy Finn.

**REVERSED**.