## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 23-763


**LEANNE BRIDGES**

**VERSUS**

**JAMES BRIDGES**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 268,120
HONORABLE LOWELL C. HAZEL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## GUY E. BRADBERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, D. Kent Savoie, Van H. Kyzar, Candyce G. Perret, Jonathan W. Perry, Sharon D. Wilson, Charles G. Fitzgerald, Gary J. Ortego, Ledricka J. Thierry, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.**


**Pickett, J., concurs in part and dissents in part for the reasons assigned by Judge Stiles.**
**Savoie, J., concurs in part and dissents in part for the reasons assigned by Judge Stiles.**
**Kyzar, J., concurs in part and dissents in part for the reasons assigned by Judge Stiles.**
**Perry, J., concurs in part and dissents in part for the reasons assigned by Judge Stiles.**
**Stiles, J., concurs in part, dissents in part, and assigns reasons.**

**Howell D. Jones, IV**
**Adam G. Huddleston**
**Carolyn O. Hines**
**Jones Law Partners**
**P.O. Box 14558**
**Alexandria, LA 71315**
**(318) 442-1515**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
      **Leanne Bridges**

**Kenneth A. Doggett, Jr.**
**P.O. Drawer 13498**
**Alexandria, LA 71315**
**(318) 487-4251**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **James Bridges**

**EN BANC.**

James Bridges appeals a trial court judgment sustaining an exception of no cause of action filed by his ex-wife, Leanne Bridges, after he filed a motion to modify a physical custody schedule, seeking an additional three days per month of time with his two minor daughters. Due to a conflict of rendered decisions regarding the application of the law on visitation/physical custody within this court when joint custody has been granted to the parents, this court renders the following en banc decision.

## FACTS

James and Leanne were married on October 27, 2007. Two daughters were born of the marriage in 2011 and 2015. On May 19, 2020, the parties physically separated. The parties were divorced on November 8, 2021. Although not a part of the record before this court, both parties agree that on December 16, 2021, a considered custody decree was rendered awarding the parties joint custody, with Leanne designated the domiciliary parent. Judgment was signed on March 23, 2022. According to the pleadings, James was granted visitation every other weekend with the girls.

Prior to rendering the considered custody judgment, the trial court noted that James was recovering from the use of methamphetamine and marijuana. It was also noted that James exhibited destructive verbal behavior in front of the children.

On June 20, 2023, James filed a motion to modify the physical custody schedule to increase his time with the girls by three days a month. In addition, he sought the removal of a vague and arbitrary provision in the judgment, sought a rule for contempt, and asked for a child support credit, should he be granted additional

time with his daughters. James stated that he had provided three years of negative hair follicle tests.

In response, Leanne filed an exception of no cause of action. In her exception, Leanne alleged that the allegations made by James were insufficient to support a modification of custody under the standard announced in *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986), since he sought to modify a prior considered decree. In opposition, James argued that courts are allowed to tweak a physical custody schedule even when the evidence will not support a change of custody under the *Bergeron* standard.

A hearing on the exception of no cause of action was held on August 28, 2023. A judgment was signed on September 12, 2023, granting the exception of no cause of action and denying the motion for contempt. James then filed the present appeal.

## APPLICABLE STANDARD

On appeal, James' sole assignment of error is that the trial court erred in granting Leanne's exception of no cause of action. He argues that the heavy burden of proof for modification of custody pronounced in *Bergeron* does not apply when a party only seeks to modify the nature of the joint or sole physical custody arrangment under a considered joint custody decree.

In *Bergeron,* the father sought sole custody after the mother was previously awarded sole custody in the divorce judgment. The supreme court held that "the change of circumstances rule, the heavy burden rule, and the appellate review standard apply to any petition to modify custody, regardless of whether it is joint or sole custody." *Id.* at 1203. James argues that *Bergeron* did not distinguish between physical custody or visitation and only analyzed whether the heavy burden of proof applied to modification of considered legal custody decrees. James further argues

2

that the heavy *Bergeron* standard does not apply to actions seeking to modify physical custody, that the burden of proof for an increase in physical custody is whether it is in the best interests of the children, and that he has stated a cause of action to increase visitation with his daughters.

The supreme court in *Bergeron,* 492 So.2d at 1200, held that the parent seeking a change of custody after a considered decree has been rendered:

> bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child or by proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.

The supreme court further noted that this heavy burden rule was to "avoid the uncertainty and instability that a best interest test alone would provide." *Id.* at 1202. The supreme court observed that when the legislature adopted the best interest principle by Act No. 448 of 1977, it did not do away with the change of circumstances rule, the heavy burden rule, and the appellate review standard when a party seeks to modify custody. The best interests of the children rule applies to determine the appropriate custody arrangement once the appropriate burden of proof has been met.

In *White v. Fetzer*, 97-1266 (La.App. 3 Cir. 3/6/98), 707 So.2d 1377, *writ denied*, 98-931 (La. 5/15/98), 719 So.2d 466, the father sought an increase in visitation after the parties entered into a stipulated joint custody plan which included a provision that the plan was to be treated as a considered decree. This court held that the heavy *Bergeron* standard did not apply. This court explained that "visitation is not strictly a 'species of custody'" but has an independent basis in the civil code citing La.Civ.Code art. 136, Revision Comments 1993(b). *Id.* at 1380. This court

3

went on to hold that "a showing that the change in visitation is in the best interest of the child is sufficient." *Id.*; *Gerace v. Gerace*, 05-1300 (La.App. 3 Cir. 4/5/06), 927 So.2d 622; *Piccione v. Piccone*, 09-300 (La.App. 3 Cir. 10/7/09), 20 So.3d 576, *writ denied*, 09-2718 (La. 2/26/10), 28 So.3d 274; *Beebe v. Delcambre*, 16-17 (La.App. 3 Cir. 6/1/16), 194 So.3d 1214. In *White*, 707 So.2d at 1380, this court explained that "[a] change in visitation rights is not as substantial as a change in actual physical custody." The court then remanded the case to the trial court to consider the exception of no cause of action under the "best interest of the child standard" as opposed to the *Bergeron* standard. This court also ordered the trial court to grant a delay to the father to allow amendment of the petition pursuant to La.Code Civ.P. art. 934, if it determined that the father's rule did not state a cause of action.

In *Joubert v. Joubert*, 19-349 (La.App. 3 Cir. 11/13/19), 285 So.3d 7, the mother and father entered into a stipulated judgment in which the parties agreed to joint custody with a visitation schedule. The mother filed a rule to modify custody, seeking an equal sharing schedule, claiming that there was a material change in circumstances. This court observed that when there is a stipulated judgment, the moving party bears the burden of proving a "material change in circumstances" since the judgment was rendered, and then held that the mother failed to prove a material change in circumstances warranting overnight visitation on Thursdays. *Id.* at 12. Citing *Cedotal v. Cedotal*, 05-1524 (La.App. 1 Cir. 11/4/05), 927 So.2d 433, this court noted that "[t]he time parents with joint legal custody share with their children is a physical custody allocation of a joint custody plan." *Joubert*, 285 So.3d at 12. However, this court, citing *Mason v. Mason*, 16-287 (La.App. 3 Cir. 10/5/16), 203 So.3d 519, and *Brantley v. Kaler*, 43,418 (La.App. 2 Cir. 6/4/08), 986 So.2d 188, went on to hold that "[v]isitation schedules can be altered when conditions warrant

4

it, even when there lacks evidence supporting the modification of a prior custody decree." *Joubert,* 285 So.3d at 14.

In opposition to the above cases, this court in *DeSoto v. DeSoto*, 04-1248 (La.App. 3 Cir. 2/2/05), 893 So.2d 175, found that the provisions of La.Civ.Code art. 136 regarding visitation did not apply since the parents were under a joint custody decree, and therefore, the *Bergeron* standard applied. We found that the non-domiciliary parent under a joint custody decree has physical custody when the child is with him, citing *Francois v. Leon*, 02-460 (La.App. 3 Cir. 11/27/02), 834 So.2d 1109 (there, a father who sought an increase in visitation was actually requesting the sharing of physical custody, where he had been granted joint custody. There, we found the heavier *Bergeron* standard applied).

More recently, in *Davis v. Davis*, 21-663 (La.App. 3 Cir. 2/2/22), 333 So.3d 1252, this court noted that a change in legal custody, i.e., a change from joint legal custody to sole legal custody, is not a request for a change in physical custody. This court went on to hold that "the 'material change' threshold burden applies to all actions to modify custody, including actions to modify only physical custody." *Id.* at 1254. This court noted that "[t]he term 'visitation' applies only when a parent does not have custody or joint custody. In other words, when one parent is awarded sole legal custody, the other parent's time with child is referred to as visitation." *Id.*, fn. 1 (citing La.Code Civ.P. art. 136; *Cedotal*, 927 So.2d 433). This court further explained that "the term 'physical custody' refers to the time periods awarded to parents with joint custody." *Id.*

Louisiana Civil Code Article 136(A)(emphasis added) regarding visitation rights states, in pertinent part: "Subject to [La.]R.S. 9:341 and 364, **a parent not granted custody or joint custody** of a child is entitled to reasonable visitation

5

rights[.]" Thus, it appears when a parent is granted custody or joint custody, visitation is not an issue to be considered by the court.

After analyzing the above jurisprudence, we find that the correct principle is that set forth in *DeSoto*, 893 So.2d 175, and *Davis*, 333 So.3d 1252, and that the time a parent spends with their child in a custody or joint custody arrangement is physical custody and not visitation. We observe that in formulating a joint custody plan the court is required to allocate time periods between the parents "so that the child is assured frequent and continuing contact with both parents." La.R.S. 9:335(A)(2)(a). Additionally, the court is to consider equal sharing where feasible and in the best interests of the children. La.R.S. 9:335(A)(2)(b). Therefore, we find the law regarding *visitation* is not applicable to a parent awarded custody, as the time a parent with joint custody is exercising with the child as part of a joint custody plan is *physical custody,* rather than visitation, when the parent has the child.

As a parent granted joint custody by a considered decree, James's action is one to modify the physical custody arrangement already in place. Therefore, he "bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *Bergeron*, 492 So.2d at 1200.

Noting the reasons for this more difficult standard, the court in *Bergeron*, 492 So.2d at 1195 (citations omitted), stated:

> The reasons for the rule are that it is desirable that there be an end of litigation and undesirable to change the child's established mode of living except for imperative reasons. Moreover, to require a party to show a change in circumstances materially affecting the child's welfare before contesting an award of custody, that he previously has had a full

6

and fair opportunity to litigate, protects his adversary and the child from the vexation and expense attending multiple unjustified lawsuits, conserves judicial resources, and fosters reliance on judicial actions by minimizing the possibility of inconsistent decisions.

As further explained in *Bergeron*:

The heavy burden of proof rule as presently formulated may inflexibly prevent a modification of custody that is in the child's best interest in a narrow class of cases, however, by requiring that a showing that the present custody is deleterious to the child as an indispensable ground for modification. In some instances the benefits to the child from a modification of custody may be so great that they clearly and substantially outweigh any harm that will be likely to result from the change even though the present custody is not deleterious to the child.

*Id.* at 1200 (footnote omitted).

## NO CAUSE OF ACTION

Addressing the matter before us, La.Code Civ.P. art. 927(A)(5) provides for a peremptory exception of no cause of action. No evidence may be introduced to support or oppose an exception of no cause of action. La.Code Civ.P. art. 931. Jurisprudence defines a cause of action as "the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant." *Ramey v. DeCaire*, 03-1299, p. 7 (La. 3/19/04), 869 So.2d 114, 118; *State v. Ctr. for Tech and Civic Life*, 21-670, 21-671 (La.App. 3 Cir. 3/30/22), 350 So.3d 534, *writ denied*, 22-721 (La. 6/28/22), 341 So.3d 568. The exception of no cause of action tests the legal sufficiency of the petition by determining if the law provides a remedy based on the facts asserted in the petition. *Id.* Based on the well-pleaded allegations in the petition, the issue is whether plaintiff is legally entitled to the relief sought. *Id.* The mover has the burden of establishing that the petition does not state a cause of action. *Id.*

When the grounds of the objection pleaded by the peremptory exception of no cause of action may be removed by amending the petition, "the judgment sustaining

7

the exception shall order such amendment within the delay allowed by the court." La.Code Civ.P. art. 934. If the grounds of the objection raised through the exception cannot be removed, then the petition shall be dismissed. *Id.*

An appellate court reviews the judgment of a trial court regarding an exception of no cause of action under the de novo standard of review because it raises a question of law and the trial court's decision is based solely on the sufficiency of the petition. *Ctr. for Tech and Civic Life*, 350 So.3d 534.

We agree that James's allegations in his petition do not meet the heavy *Bergeron* standard. He has not set forth allegations that the present custody arrangement is so deleterious to the children or that an increase in his time with the children would benefit the children greatly and substantially outweighs any harm that will be likely to result from the change, even if the present custody is not deleterious to the child. However, we do find that under La.Code Civ.P. art. 934, James should have been allowed an opportunity to amend his petition to state a cause of action for modification of physical custody.

Therefore, we affirm the trial court's ruling sustaining Leanne's exception of no cause of action but reverse the judgment insofar as it dismissed James's action. We remand this action to the trial court for further proceedings consistent herewith, including instructions to allow James the opportunity to amend his petition within thirty days of the date of this decision to remove the grounds for the objection of no cause of action. All costs of this appeal are assessed equally to James Bridges and Leanne Bridges.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.**

NUMBER 23-763

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

LEANNE BRIDGES

VERSUS

JAMES BRIDGES

**STILES, Judge, concurring in part and dissenting in part.**

I agree with the majority that the terms "Custody" and "Visitation" are two distinct legal terms that have distinct meanings.

"Custody" is controlled by Louisiana Civil Code Articles 131 through 137. Article 131 requires that the court award custody "in accordance with the best interest of the child." With that overriding standard in mind, the trial court is required to award "joint custody" to the parents unless sole custody in one parent is shown "by *clear and convincing evidence* to serve the best interest of the child[.]" La.Civ.Code art. 132 (emphasis added). The heightened burden of proof associated with "sole custody" is appropriate given the clearly distinct regimes stemming from an award of "joint custody" versus "sole custody." *See Griffith v. Latiolais*, 10-754 (La. 10/19/10), 48 So.3d 1058 (explaining that clear and convincing evidence is applied in civil cases only in exceptional circumstances; those where there is either a special danger of deception, or where a particular type of claim should be disfavored for policy reasons).

While a parent designated as a child's sole custodian makes all decisions about the health and welfare of the child, a "joint custody" regime rests on both parents

being deemed appropriate and fit to share the physical custody of the child. *See* La.R.S. 9:336 (obligating parents sharing joint custody "to exchange information concerning the health, education, and welfare of the child and to confer with one another in exercising decision-making authority.")

Therefore, while the child is in the physical custody of either parent, that parent is responsible for the health and welfare of the child independently, subject to the designation of a domiciliary parent as required by La.R.S. 9:335(B)(1). This latter designation carries certain obligations as the court designates the domiciliary parent to make particular decisions about the health and well-being of the child, i.e., choosing health care providers, schools, etc. *See* La.R.S. 9:335(B)(3)("The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.").

In contrast to custody, "visitation" is the legal term used to describe the time, usually limited, that a non-custodial parent receives with the children. *See* La.Civ.Code art. 136(A)("Subject to R.S. 9:341 and 364, a parent *not granted custody or joint custody* of a child is entitled to *reasonable visitation rights* unless the court finds, after a hearing, that visitation would not be in the best interest of the child."). We again see that "visitation" is dictated by the best interest of the child standard.

With those principles stated, it is clear from the record before us that Mr. and Ms. Bridges were awarded joint custody by considered decree and that Ms. Bridges was granted the status of domiciliary parent.

2

Now, Mr. Bridges seeks to modify the considered decree's physical custody schedule. While he does not seek modification of legal custody, the majority nonetheless finds that the jurisprudential standard of *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986) is applicable to such a petition for modification. *Bergeron* requires a party seeking to change custody rendered in a considered decree to demonstrate that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or to prove by clear and convincing evidence that the harm likely caused by a change of environment is substantially outweighed by its advantages to the child. *Id.* As explained in *Griffith*, 48 So.3d at 1070, the use of a "clear and convincing" standard of proof should be limited to those claims that are "disfavored on policy grounds." As will be discussed below, public policy favors both joint custody and the equal sharing of physical custody.

Therefore, application of *Bergeron* is where I depart from my colleagues.

Since *Bergeron* was rendered in 1986, the legislature has changed and modified the law governing child custody multiple times. This reflects changes in public policy. However, the legislature has never codified the *Bergeron* standard within the joint custody context. *But see* La.Ch.Code art. 724(D)(2)(wherein the legislature adopted the *Bergeron* standard within the context of a requested modification or termination of a guardianship order).

In particular, La.R.S. 9:335, enacted in 1993 and thereafter amended several times, specifically addresses the concept of joint custody and its requirement that the trial court issue a joint custody implementation order. If we look to this statutory authority, we find this language:

> A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.

(2)(a) The implementation order shall allocate the time periods during which ***each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.***

(b) ***To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.***

*Id.* (emphasis added). The legislature has issued a clear mandate. That is to assure "frequent and continuing contact with both parents" and, to the "extent it is feasible," equally shared physical custody. Paragraph B states further:

B. (1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.

(2) The domiciliary parent is the parent with whom the child shall primarily reside, ***but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents***.

(Emphasis added.) This legislative expression came after *Bergeron* and is rather clear in its mandate that the courts should be favoring ***frequent and continuing contact with both parents***. The language is "shall," not "may," "could," or other discretionary language. Therefore, the public policy of this state is for joint custody and physical custody that is frequent and as equal as is feasible.

Further, this mandating language is not contingent on nor constrained by some burden of proof beyond its dictates. Rather, La.R.S. 9:335(A)(2)(b) invokes only the "best interest of the child" standard for allocation of physical custody. *Bergeron* was decided within the context of a request to change an award of sole custody to joint custody and thus involved purely a change of legal custody. To apply that standard of proof in matters involving only a modification of physical custody, such as

4

currently before this court, is to put the jurisprudence ahead of the legislation and to ignore the mandatory language of La.R.S. 9:335.

There is a reason why our jurisprudence, as clearly articulated by the majority, is confusing and unclear. It is because courts have struggled to square the heightened burden in *Bergeron* with the legislative mandates in La.R.S. 9:335 and Louisiana Civil Code Articles 131, *et seq*.

In short, it is difficult to rationalize the fact that a parent who has been deemed less fit and without legal custody may alter his/her "visitation" according to the "best interest of the child standard" and without having to meet the heightened *Bergeron* burden. *See, e.g.*, *Moody v. Moody*, 23-205, p. 19 (La.App. 3 Cir. 11/15/23) (unpublished opinion) (2023 WL 7653505) (explaining that, while a parent without custody failed to meet the *Bergeron* standard in her request to modify custody, "an alteration to visitation does not require meeting such a high standard."). Whereas a parent found fit and awarded joint custody, and only seeks to modify physical custody arrangements, is required to meet the heightened burden.

Furthermore, a parent granted joint legal custody through a stipulated judgment can also request to alter physical custody without the heightened *Bergeron* burden. *See Evans v. Lungrin*, 97-0541 (La. 2/6/98), 708 So.2d 731 (providing that, when an underlying decree is a stipulated judgment, the moving party must prove that a material change in circumstances has occurred since rendition of the underlying decree and that the modification is in the child's best interest). *See also Joubert v. Joubert*, 19-349 (La.App. 3 Cir. 11/13/19), 285 So.3d 7.

The rationale behind the heightened *Bergeron* standard is to "set clear boundaries for modification actions," as "more harm is done to children by custody litigation, custody changes, and interparental conflict, than by such factors as the

custodial parent's post divorce amours, remarriage, and residential changes, which more often precipitate custody battles under liberal custody modification rules than conduct that is obviously harmful to the child, such as abuse or serious neglect, which justifies intervention to protect the child[.]" *Bergeron*, 492 So.2d at 1199. Yet, we do not follow this rationale in matters where a finding of sole custody has been made and the non custodial parent seeks to alter the visitation. Are these less traumatic or litigious affairs? Is litigation following a stipulation of joint custody any less traumatic to a child?

If this were a matter of changing the designation of a domiciliary parent, or sole custody to joint custody, or vice versa, the merits of *Bergeron* would be readily apparent. These are significant changes that are likely to be heavily litigated and may bring stress and trauma to a child. These are circumstances where legal custody is being challenged or changed. This is where the *Bergeron* rationale, which was articulated within the confines of a legal custody dispute, should remain applicable in our jurisprudence.

Parents awarded joint custody by considered decree should not have a heavier burden in seeking a reallocation of the attendant physical custody schedule than those without custodial rights or those who have stipulated to joint custody. In matters where joint custody has been awarded, either by stipulated judgement or considered decree, the standard for amending physical custody should reflect the mandates of R.S. 9:335(A)(2)(a) and (b). The legislature therein plainly stated a child must be "**assured of frequent and continuing contact with both parents**[,]" and, "**[t]o the extent it is feasible *and in the best interest of the child*, physical custody should be shared equally.**" (Emphasis added.) This reflects the public policy of this State and should not be disfavored by a heightened burden of proof.

Finally, *Bergeron* entered our jurisprudence at a very different time and under a very different legal regime. Our society has become much more mobile and elastic, for better or worse. Parents frequently change jobs and careers. They also frequently move from one place to another. The opportunity to alter physical custody arrangements by parents with joint custody should not be barred by some burden of proof established by our jurisprudence within the legal custody context and in opposition to current legislation. An award of joint custody means that a court, after consideration of the record, found the parent fit to make decisions in the life of the child. This is substantially different from a parent who has been deemed unfit to exercise joint custody and has been granted only visitation. The burden for the fit parent should not be greater than the unfit parent in altering the time spent with a child. Additionally, the opportunity to request such modification should not be more restrained for a judicially determined fit parent.

For the reasons set forth above, I would vacate the judgment of the trial court sustaining the exception of no cause of action and remand the matter for further proceedings.