# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 05-1300


**LINDA SNYDER GERACE**

**VERSUS**

**RANDY JOSEPH GERACE**


********** 


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 02-C-3447-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE

**********


**JOHN D. SAUNDERS**
**JUDGE**

**********


Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**Decuir, J., concurs in the result.**

**Ezell, J., concurs in the result.**

**AFFIRMED.**

**David L. Carriere**
**Attorney at Law**
**322 S. Market St.**
**Opelousas, LA 70570**
**(337) 948-6217**
**Counsel for Defendant/Appellee:**
**Randy Joseph Gerace**

**Anne Elizabeth Watson**
**Attorney At Law**
**232 N. Liberty St.**
**Opelousas, LA 70570**
**(337) 942-9790**
**Counsel for Plaintiff/Appellant:**
**Linda Snyder Gerace**

**SAUNDERS, Judge.**

This appeal arises out of a custody dispute wherein the trial court ordered that a minor child, Hunter Gerace, be allowed to spend more time with his father. Hunter expressed a desire to be with his father more and testified that he enjoys participating in several activities with his father. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Randy Joseph Gerace and Linda Snyder Gerace were married on February 15, 1986. Halie Alyce Gerace, Brooke Logan Gerace, and Hunter Joseph Gerace, ages 17, 14, and 7 respectively, were born of the marriage. Linda Gerace filed for divorce on August 12, 2002. Subsequently, on September 26, 2002, the parties entered into a stipulated judgment providing for joint custody of the three children with Linda Gerace being the domiciliary parent. A judgment of divorce was entered on November 17, 2003.

Approximately one week later, Mr. Gerace filed a motion to modify custody and child support seeking to be named domiciliary parent of the three children. The motion was not heard. Linda Gerace then sought, and was granted, a protective order against Mr. Gerace for a period of six months under the Protection from Family Violence Act. In May 2004, Mr. Gerace filed another motion to modify custody and child support seeking to be named domiciliary parent of the three children. In June 2004, the parties entered into a stipulated judgment in open court which did not address the support issue but preserved Ms. Gerace's status as domiciliary parent and extended Mr. Gerace's visitation privileges. The child support issue was resolved in November 2004, when Mr. Gerace was ordered to pay $900.00 per month until March 2005.

In November 2004, Mr. Gerace married Robbie Delatte Gerace. He then filed another motion to modify custody and child support seeking shared custody of Brooke and Hunter Gerace only. A hearing was held in May 2005 wherein the parties stipulated to shared custody of Brooke Gerace. The court then ruled that shared custody of Hunter Gerace was also appropriate.

Subsequently, in September 2005, Mr. Gerace filed another motion to modify custody and child support seeking to be named domiciliary parent of Brooke Gerace. The parties signed a consent judgment naming Mr. Gerace domiciliary parent of Brooke Gerace and preserving Ms. Linda Gerace's right to appeal the shared custody of Hunter Gerace. Ms. Linda Gerace now appeals from the judgment granting shared custody of Hunter Gerace.

**ASSIGNMENTS OF ERROR**

1) The trial court committed legal error by finding that Randy Gerace met his burden of proving that there was a change in circumstances materially affecting the welfare of the child since the original decree and that the proposed modification was in the best interest of Hunter Gerace.

2) The trial court committed legal error in failing to apply the jurisprudential rule that a change from a stable environment should not be made absent a compelling reason.

3) The trial court committed manifest and legal error in changing the custody arrangement from joint custody to shared custody given Randy Gerace's prior physical and mental abuse of Linda Gerace and the anger problems of Randy and his new wife.

4) The trial court erred in not granting Linda Gerace's motion for psychological evaluations of the parties, the children and Robbie Gerace.

**STANDARD OF REVIEW**

A trial judge's findings of fact will not be disturbed unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through Dep't of Transp. & Dev.,* 617

2

So.2d 880 (La. 1993). "Absent 'manifest error' or unless it is 'clearly wrong,' the jury or trial court's findings of fact may not be disturbed on appeal." *Sistler v. Liberty Mut. Ins. Co.,* 558 So.2d 1106, 1111 (La.1990). "If the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* at 1112.

**ASSIGNMENTS OF ERROR NOS. 1, 2, AND 3**

We will first address Ms. Gerace's contention that the alleged prior physical and mental abuse by Mr. Gerace and the anger issues with his new wife should bar the proposed custody arrangement. The abuse issue has previously been raised and denied below. Furthermore, the incident at issue arose when Mr. Gerace struck Ms. Linda Gerace one evening following a verbal confrontation occurring when Ms. Gerace returned home drunk late one evening. Following that incident, Mr. Gerace agreed with the district attorney to attend six hours of anger management classes. Mr. Gerace fulfilled this obligation and the trial court deemed the matter resolved. We see no manifest error in this determination.

Next we turn to appellant's contention that Mr. Gerace failed to meet his burden of proof. The net effect of the judgment from which Ms. Linda Gerace now appeals is that Hunter now spends seven days out of fourteen with his father, as opposed to four out of fourteen. When parents are awarded joint custody of their children, this court has held that changes in the time spent with each parent need only be in the best interest of the children. *White v. Fetzer*, 97-1266 (La.App. 3 Cir. 3/6/98), 707 So.2d 1377, *writ denied*, 98-0931 (La. 5/15/98), 719 So.2d 466. Accordingly, Ms. Linda Gerace's argument that Mr. Gerace did not establish a

3

material change in circumstances is misplaced. Furthermore, there is a statutory preference that parents with joint custody spend equal amounts of time with the children. La.R.S. 9:335. Given these considerations, we find that the trial court did not commit manifest error in increasing the amount of time Hunter Gerace spends with his father.

Hunter demonstrated a desire to spend more time with his father and stated that he often asks his mother to be allowed to visit Mr. Gerace. Hunter is now seven years old and very much enjoys hunting and riding horses and four-wheelers with his father. Simply put, Hunter is growing up and beginning to really enjoy the types of activities boys often engage in with their father. Accordingly, we find that it is in Hunter's best interest to spend more time with his father as ordered by the trial court. These assignments lack merit.

**ASSIGNMENT OF ERROR NO. 4**

In this assignment, appellant argues that the trial court erred in denying her motion for psychological evaluations of the parties, the children and Robbie Gerace. The trial court observed all of the parties and listened to their testimony before concluding that there was no need to appoint a psychologist at this time. While there are certainly flaws among all of the parties in this matter, we see no manifest error in this determination. There are antagonistic accusations between those involved here, however, we see no evidence of record indicating the need for professional evaluations at this time. The trial court was well within its discretion in declining to order professional intervention. This assignment lacks merit.

4

**CONCLUSION**

The judgment of the trial court is affirmed.  Costs of this appeal are assessed against appellant.

**AFFIRMED**.