STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-663

KELLY DAVIS

VERSUS

STEVEN DAVIS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2020-4126
HONORABLE GUY E. BRADBERRY, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar and Charles G. Fitzgerald, Judges.

REVERSED AND REMANDED.

**James Darren Stewart**
**1011 Lakeshore Drive, 4th Floor**
**Lake Charles, Louisiana  70601**
**(337) 436-3308**
**Counsel for Plaintiff/Appellant:**
    **Kelly Davis**

**Dustan J. Abshire**
**334 Kirby Street**
**Lake Charles, Louisiana  70601**
**(337) 419-2024**
**Counsel for Defendant/Appellee:**
    **Steven Davis**

**FITZGERALD, Judge.**

The issue here is whether the trial court erred in sustaining the Father's exception of no cause of action which was filed in response to the Mother's rule to modify physical custody.

## FACTS AND PROCEDURAL HISTORY

Kelly Davis and Steven Davis were married, are now divorced, and are the parents of a thirteen-year-old daughter. Custody was originally established by stipulated judgment dated June 10, 2020. In essence, the parties stipulated to joint legal custody with Kelly designated as the domiciliary parent, and they agreed to shared (50-50) physical custody.

Less than six months after stipulating to custody, Kelly filed a motion to modify the schedule of physical custody. In response, Steven filed an exception of no cause of action. The hearing on the exception was set for May 11, 2021. However, instead of going forward with the hearing, respective counsel submitted the matter for decision on briefs. The trial court, in turn, rendered judgment on June 21, 2021. The judgment sustained the exception of no cause of action, awarded Steven $2,500 in attorney fees, and assessed Kelly with all court costs. Kelly appealed.

On appeal, Kelly asserts the following assignments of error: first, the trial court erred in sustaining Steven's exception of no cause of action. And second, the trial court erred in its award of attorney fees and court costs.

## LAW AND ANALYSIS

*Exception of No Cause of Action*

The objections that can be raised through the peremptory exception include the exception of no cause of action. La.Code Civ.P. art. 927. The Louisiana Supreme Court addressed the function and legal analysis of this exception in *Scheffler v.*

*Adams and Reese, LLP*, 06-1774, pp. 4-5 (La. 2/22/07), 950 So.2d 641, 646-47

(citations omitted), explaining as follows:

> As used in the context of the peremptory exception, a "cause of action" refers to the operative facts which give rise to the plaintiff's right to judicially assert the action against the defendant. The purpose of the peremptory exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. No evidence may be introduced to support or controvert the exception of no cause of action. LSA–C.C.P. art. 931. The exception is triable on the face of the pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought.

> Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Because the exception of no cause of action raises a question of law and the district court's decision is based solely on the sufficiency of the petition, review of the district court's ruling on an exception of no cause of action is *de novo*. The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiff's favor, the petition states any valid cause of action for relief.

In the case before us, Steven claims that Kelly's motion fails to state a cause of action because the alleged facts do not constitute a material change in circumstances warranting a modification of custody.

The paramount consideration in any determination of custody, including actions to change custody, is the best interest of the child. La.Civ.Code art. 131; *Evans v. Lungrin*, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731. In *Evans*, the supreme court clarified that "where the original custody decree is a *stipulated judgment*, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child." *Id*. at 738 (emphasis in original).

2

A stipulated custody judgment, as explained in *Evans*, is one where the parties consent to a custodial arrangement and no evidence of parental fitness is presented to the court. It is uncontested that the original custody decree here is a stipulated judgment. The court in *Evans* further explained that "[t]he term 'custody' is usually broken down into two components: *physical* or 'actual' *custody* and *legal custody*." *Id*. at 737 (emphasis in original). In our case, Kelly's motion does not seek a change in legal custody—that is, Kelly is not requesting a change from joint legal custody to sole legal custody. Rather, the motion requests only a modification of the parties' physical custody schedule.

Significantly, in *Gerace v. Gerace*, 05-1300 (La.App. 3 Cir. 4/5/06), 927 So.2d 622, a different panel of this court concluded that the "material change of circumstances" burden of proof articulated in *Evans* did not apply to actions to modify physical custody. The court in *Gerace* specifically held that when parties have agreed to joint custody, "changes in the time spent with each parent need only be in the best interest of the children[.]" *Id*. at 624.

In our view, the "material change" threshold burden applies to all actions to modify custody, including actions to modify only physical custody. We therefore depart from *Gerace* and hold that both material change and best interest must be proven by the party seeking a modification of physical custody. This means that Kelly, as the party seeking such a modification, will have to prove at trial that a change of circumstances materially affecting the welfare of her thirteen-year-old daughter has occurred since the June 10, 2020 stipulated custody judgment, and that the modification proposed by Kelly is in her daughter's best interest. In this light, we now turn our attention to the facts alleged in Kelly's motion.

3

Kelly's motion to modify physical custody alleges the following changes in circumstances since the June 10, 2020 stipulated custody judgment:

(1)     [Kelly] and the child evacuated to Monroe and then to Conroe, Texas for Hurricane Delta and [Steven] remained in Lake Charles.

(2)     On September 5, 2020, [Kelly] returned the child to [Steven] for his physical custody and the child did not want to stay with him and his current girlfriend. The child only stayed for 1 night.

(3)     Since that 1 night on September 5, 2020, the child has lived exclusively with [Kelly]. [Steven] has not had any overnight visitation, but has seen the child a couple of times while the parties meet for the exchange.

(4)     Child does have Covid 19 and when [Kelly] informed [Steven] of this, he denied it and his girlfriend sent a text message to [Kelly], threatening to beat her up.

Based on these allegations, Kelly "desires that the parties continue to enjoy joint custody of the minor child, with [Kelly] as domiciliary parent and [Steven's] visitation to be modified to be limited to what the parties can mutually agree upon[.]"[1]

The alleged facts provide two material changes in circumstances. The first is the allegation that the minor child has, for all intents and purposes, resided exclusively with Kelly since September 5, 2020. Kelly's motion was filed on December 5, 2020, meaning that the Steven (who has equal time with his daughter) failed to exercise his rights to physical custody for nearly three months.

To give context to the seriousness of this allegation, consider the following: Louisiana Civil Code Article 136.1 provides that "[a] child has a right to time with

---

[1] The term "visitation" applies only when a parent does not have custody or joint custody. In other words, when one parent is awarded sole legal custody, the other parent's time with the child is referred to as visitation. La.Civ.Code art. 136; *Cedotal v. Cedotal*, 05-1524 (La.App. 1 Cir. 11/4/05), 927 So.2d 433. On the other hand, the term "physical custody" refers to the time periods awarded to parents with joint custody. La.R.S. 9:335; *Cedotal*, 927 So.2d 433.

both parents. Accordingly, when a court-ordered schedule of visitation, custody, or time to be spent with a child has been entered, a parent shall exercise his rights to the child in accordance with the schedule unless good cause is shown." The corresponding enforcement statute is La.R.S. 9:346. Subsection A of that statute states: "An action for the failure to exercise . . . custody or time rights pursuant to the terms of a court-ordered schedule may be instituted against a parent."

The second material change in circumstances emerges from the totality of Kelly's allegations. The alleged facts, accepted as true only for the purpose of the exception of no cause of action, show a change in circumstances has occurred since the original judgment sufficient to warrant a modification of physical custody. Moreover, based on the totality of the allegations, the modification proposed by Kelly—that an appropriate reduction be made to Steven's custodial periods—is in the best interest of the minor child.

Reviewing the exception of no cause of action de novo, we conclude that Kelly's motion does state a cause of action for the modification of physical custody. The trial court therefore erred as a matter of law in sustaining Steven's exception of no cause of action.[2]

*Attorney Fees*

"Attorney fees are not allowed in Louisiana except where authorized by statute or contract." *Quealy v. Paine, Webber, Jackson & Curtis, Inc.*, 475 So.2d 756,

---

[2] Steven also argues that the trial court correctly sustained his exception because, contrary to the terms of the parties' custody judgment, Kelly failed to pursue mediation before filing her motion to modify physical custody. We disagree. As addressed previously, the exception of no cause of action is triable solely on the face of Kelly's pleading, and mediation is not addressed therein. Nevertheless, under La.R.S. 9:332, either party can file a motion with the trial court to order mediation and stay the custody proceeding.

763 (La. 1985). In the case before us, there is simply no legal basis for the award of attorney fees. The trial court erred in making this award.

## DECREE

For the above reasons, we reverse the trial court's June 21, 2021 judgment in its entirety, and the matter is remanded for contradictory hearing in the trial court. Costs of this appeal are assessed to the defendant, Steven Davis.

**REVERSED AND REMANDED.**