# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 13-1441


DWANE LINK

VERSUS

SHELLEY FRITZ LINK


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2013-8958-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, James T. Genovese, and John E. Conery, Judges.


**AFFIRMED.**


**Andrea D. Aymond**
**121 S. Washington Street**
**Marksville, LA 71351**
**Telephone: (318) 240-7232**
**COUNSEL FOR:**
 **Defendant/Appellee - Shelley Fritz Link**

**Chad P. Guillot**
**P. O. Drawer 158**
**Marksville, LA 71351**
**Telephone: (318) 253-6656**
**COUNSEL FOR;**
 **Plaintiff/Appellant - Dwane Link**

**THIBODEAUX, Chief Judge.**

The trial court awarded the father of three minor children sole custody by way of default judgment when the mother failed to appear at the custody hearing. At a subsequent hearing, the trial court asserted that amendments to the custody order would not be subject to the high burden of proof espoused in *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). The father appealed, arguing that the *Bergeron* rule was applicable since the court heard his testimony regarding parental fitness at the custody hearing. Reasoning that custody agreements obtained by default judgments are not considered decrees, we affirm the judgment of the trial court.

## I.

## ISSUE

We shall consider whether a child custody agreement obtained by default judgment, where a parent presented evidence of parental fitness at the hearing, is subject to the *Bergeron* burden of proof for purposes of amending the agreement.

## II.

## FACTS AND PROCEDURAL HISTORY

On February 8, 2013, Dwane Link filed for divorce from Shelley Fritz Link under La.Civ.Code art. 102. A hearing was initially scheduled for March 4, 2013 to determine the custody of the three minor children of the marriage. After numerous continuances, the hearing was rescheduled for June 10, 2013, and Mrs. Link was personally served on June 4, 2013. Neither Mrs. Link nor any attorney

on her behalf appeared at the hearing. After listening to testimony from Mr. Link regarding Mrs. Link's parental fitness and why he should be granted full custody, the trial court issued a default judgment, entitled "Considered Decree," granting Mr. Link sole custody with visitation rights to Mrs. Link at Mr. Link's discretion.

Mrs. Link subsequently filed a motion for new trial, arguing that she did not appear at the custody hearing as she felt the marriage had been reconciled and the hearing was unnecessary. She also filed a motion and order to dismiss the divorce suit with prejudice on the grounds of reconciliation. After hearing evidence from both parties regarding reconciliation and the reasons Mrs. Link missed the custody hearing, the trial court denied the motion for new trial and the motion to dismiss. However, the court held that the "Considered Decree" granting sole custody to Mr. Link would not be subject to the *Bergeron* burden of proof and could be amended under the lesser "change of circumstances" standard. The trial court's conclusion was memorialized in a judgment signed on September 19, 2013. Mr. Link now appeals that judgment, contending that the trial court erred by not holding the custody agreement obtained by default judgment to the *Bergeron* burden of proof.

III.

**STANDARD OF REVIEW**

The determination of the trial court in child custody matters is afforded great weight, considering the court is in a better position to assess the best interests of the child and the character of the parties. As such, the court's rulings will not be disturbed absent a clear abuse of discretion. *Fulco v. Fulco*, 254 So.2d 603 (La.1971); *see also Messner v. Messner*, 122 So.2d 90 (La.1960).

IV.

## LAW AND DISCUSSION

While Mr. Link asserts that his child custody agreement obtained by default judgment is subject to the *Bergeron* standard, we disagree. The burden of proof necessary to modify a custody agreement is dependent on whether the agreement is a considered decree or a stipulated decree:

> As earlier stated, the paramount consideration in any determination of child custody is the best interest of the child. *La. C.C. art. 131.* However, in actions to change custody decisions rendered in *considered decrees*, an additional jurisprudential requirement is imposed. *Hensgens v. Hensgens*, 94-1200 (La.App. 3 Cir. 3/15/95); 653 So.2d 48, *writ denied*, 95-1488 (La.9/22/95); 660 So.2d 478. A *considered decree* is an award of permanent custody in which the trial court receives evidence of parental fitness to exercise care, custody, and control of children. *Hensgens*, 653 So.2d at 52. When a trial court has made a *considered decree* of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody is "so deleterious to the child as to justify a modification of the custody decree," or of proving by "clear and convincing evidence that the harm likely to be caused by the change of environment is substantially outweighed by its advantages to the child." *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986), *reh'g denied* (Sept. 11, 1986).

> However, in cases where the original custody decree is a *stipulated judgment,* such as when the parties consent to a custodial arrangement, and no evidence of parental fitness is taken, the heavy burden of proof enunciated in *Bergeron* is inapplicable. *Hensgens*, 653 So.2d at 52. Instead, where the original custody decree is a *stipulated judgment*, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child. *Hensgens*, 653 So.2d at 52 . . . .

3

*Evans v. Lungrin*, 97-0541, pp. 7-8 (La. 2/6/98), 708 So.2d 731, 738. Our court has further recognized that child custody agreements obtained by default judgment are not considered decrees:

> A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court. *Evans v. Terrell*, 27,615 (La.App. [2d Cir.] 2/6/95 [12/6/95]), 665 So.2d 648, *writ denied*, 96-0387 (La.5/3/96), 672 So.2d 695. **By contrast, a judgment with a custody plan that was entered by default, was not contested[,] or was merely entered by consent of the parties is not a considered decree.** *Barnes v. Cason*, 25,808 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, *writ denied*, 94-1325 (La.9/2/94), 643 So.2d 149.

*Schuchmann v. Schuchmann*, 00-94, p. 3 (La.App. 3 Cir. 6/1/00), 768 So.2d 614, 616 (quoting *Roberie v. Roberie*, 33,168, p. 3 (La.App. 2 Cir. 12/8/99), 749 So.2d 849, 852) (emphasis added).

Here, Mr. Link's custody agreement was clearly uncontested and obtained by default judgment as Mrs. Link never made an appearance. While Mr. Link argues that he presented evidence of parental fitness in the form of testimony at the custody hearing which makes this a considered decree, this argument lacks merit. In order to obtain a default judgment, a party need only "establish a prima facie case . . . that is admitted on the record prior to confirmation." La.Code Civ.P. art. 1702(A). While Mr. Link likely satisfied this low evidentiary burden through his testimony, a considered decree in the best interest of the children mandates a higher evidentiary consideration of the circumstances of the litigants that is simply not met by a default judgment proceeding. *See McCready v. McCready*, 41,026 (La.App. 2 Cir. 3/8/06), 924 So.2d 471. Such considerations are especially necessary in this case, as Mr. Link even admits in his petition for divorce that "it is in the best interest of the minor children that joint custody be awarded to the

parties[.]" Finally, while the trial court labeled the default judgment of June 10, 2013 a "considered decree," this clearly was unintentional given the court's willingness to not follow *Bergeron* in the judgment of September 19, 2013, and thus, this label was nothing more than a harmless, albeit careless, error.

Given the jurisprudence, we conclude that the custody order from the default judgment is not a considered decree, and thus, is not subject to the *Bergeron* burden and may be modified by the lesser "change of circumstances" standard. As such, the trial court did not abuse its discretion.

## V.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against Mr. Dwane Link.

**AFFIRMED**.