NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-559

TIMOTHY W. SAVANT, JR.

VERSUS

ALINA H.G. BALS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. C2018-522
HONORABLE ERROL DAVID DESHOTELS, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

VAN H. KYZAR
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar and Charles G.
Fitzgerald, Judges.

AFFIRMED.

**Donald Dorenkamp II**
**5208 Magazine Street, Suite 154**
**New Orleans, LA 70115**
**(504) 270-1943**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Alina H.G. Bals**

**Jack W. Caskey**
**704 Ryan Street**
**Lake Charles, LA 70601**
**(337) 439-8854**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Timothy W. Savant, Jr.**

**KYZAR, Judge.**

Defendant appeals the judgment of the trial court awarding joint custody of the parties' minor child, designating Plaintiff as the domiciliary parent, and setting visitation[1] rights and custody pursuant to a joint custody plan. For the reasons set forth herein, we affirm the judgment of the trial court.

### FACTS AND PROCEDURAL HISTORY

This is a custody dispute between the plaintiff father, Timothy W. Savant, Jr. (Timothy) and the defendant mother, Alina H. G. Bals (Alina). The parties are the parents of E.G.S., born December 23, 2015, while the parties lived together in the State of Colorado.[2] The parties were never married.

The basic facts leading to the dispute are derived from the pleadings.[3] After the parties fell on hard economic times in Colorado, they moved to Kinder, Louisiana with E.G.S., where Timothy has family. He began working. Alina also began working, as a nurse, until she left Louisiana to return to Colorado, allegedly after she met and began a relationship with another man. Timothy thereafter filed a petition for custody of E.G.S.

The custody matter was tried on March 13, 14, and 18, 2019. On March 18, the trial court rendered an interim "Order" decreeing that the parties are granted joint custody of E.G.S., with Timothy being designated domiciliary parent, and granting to Alina reasonable visitation as agreed on between the parties within

---

[1] The term "visitation" applies only when a parent does not have custody or joint custody. In other words, when one parent is awarded sole legal custody, the other parent's time with the child is referred to as visitation. La.Civ.Code art. 136; *Cedotal v. Cedotal*, 05-1524 (La.App. 1 Cir. 11/4/05), 927 So.2d 433. On the other hand, the term "physical custody" refers to the time periods awarded to parents with joint custody. La.R.S. 9:335; *Cedotal*, 927 So.2d 433.

[2] The initials of the child are used to protect the identity of the minor child. Uniform Rules—Courts of Appeal, Rules 5-1, 5-2.

[3] There appears no transcript of any witness testimony from any hearing before the trial court on this appeal.

thirty days of the signing and recording of this judgment into the record.[4] The trial court ordered that if no agreement could be reached within that period of time, either party shall then have the right to request the court to set a hearing and the issue of visitation will be decided by the Court. The order was signed on April 4, 2019.

After no agreement was reached within the time period set by the court, Timothy filed a motion to fix the custody/visitation schedule with Alina on May 31, 2019. Therein, he asserted that as of the date of the filing of the motion, no set implementation agreement had been reached. A hearing on the motion was set for June 27, 2019, which was continued on a motion by Alina, who also filed a motion for new trial that was subsequently denied.[5] Due to location issues and substitutions of counsel, multiple continuations were filed in the matter.

Timothy then filed a second motion to fix a custody implementation plan with Alina, again asserting that the parties had not worked out an amicable agreement as directed by the April 4, 2019 court order, which was set for March 4, 2020. Counsel for Alina requested and was granted a continuance of the hearing from the March 4 date to be reset to May 13, 2020. Thereafter, in consideration of the Louisiana Supreme Court orders concerning the Covid 19 health crisis, the trial court again reset the hearing to July 29, 2020.

On July 7, 2020, Timothy filed a Motion to Sign Judgment. In it, Timothy noted the initial court order, which granted him the status of domiciliary parent and had been signed when the parties could not reach a final agreement as to a custody

---

[4] The parties submitted an interim "order" for the trial court to sign after they could not reach an agreement as to the language of a judgment on this issue.

[5] Alina initially filed a motion for a new trial as to the custody order on April 22, 2019. However, on September 11, 2019, Alina voluntarily moved to dismiss her motion for a new trial, with prejudice, which was granted by the court the next day.

implementation plan as directed by the trial court. He also noted that while Alina had initially filed a motion for a new trial as to the domiciliary status issue, she had dismissed that motion in 2019. The trial court then signed a judgment on July 8, 2020, which mirrored the April 4, 2019 order granting joint custody of E.G.S. to both parents, and designating Timothy as the domiciliary parent.

On July 7, 2020, Alina fax filed a Motion to Challenge Domiciliary Status and Modification of Child Custody Order, alleging that there had been a material change in the circumstances of the parties since the signing of the original order in 2019. A hearing was set on Alina's motion for July 29, 2020. That hearing was continued to November 5, 2020 on joint motion of the parties. It was continued again until finally heard on February 10, 2021.

At the hearing on February 10, 2021, Timothy appeared along with his counsel of record. Alina did not appear, nor did her counsel of record. The trial court announced that it "received communications from the opposing attorney late yesterday afternoon asking to participate by zoom" and that "[t]he Court did not give permission to do so, especially at such a late period of time." Further, the court went on to state that "just this morning a Motion for an Emergency Continuance had been sent over. But the Court has not granted that. So, we will see where we go from there. Okay." Finally, before starting the proceeding, the trial court announced: "Also, the Court should say, the word to the Court was that the attorney from New Orleans would not be present here today. I don't suppose he is. Is Ms. Alina Bals present here today? She is not here as well. All right. We will let the record so reflect."

The minutes of court reflect the following:

The plaintiff is present in court with counsel, Jack Caskey. The defendant is not present in court. The defense counsel is not present in court. The plaintiff requests for the defendant's motions be

3

dismissed. The court states that Mr. Kanuch, defense counsel, informed the court late yesterday that he would not be appearing in court today, and that a motion for an emergency continuance was filed this morning. The court denies the motion. The court states that discussions were held in chambers with Mr. Caskey and Mr. Kanuch via telephone, and that the parties have agreed to the mother having visitation for two 21 day periods during the summer with the exchange taking place at the halfway point in Childress, Texas. The court orders that the summer visitation begin 5 days after school ends, and that the child be back in Louisiana 5 days prior to school resuming. Mr. Caskey states further visitation agreements as follows: that the mother have visitation for the Christmas holidays during odd numbered years, with the child being returned at least 2 days prior to school resuming; for the Thanksgiving and Easter holidays, that the child be with the party not having the child for Christmas of that year; that the mother having visitation for any other time that she may be in Louisiana with advance notice to the father; that the mother will have visitation for the Mardi Gras holiday of this year if she travels to Louisiana; and that the mother transport the child to and from school during any visitation with her if the child is in school, and that she is to abide by other conditions previously ordered, including no coloring of the child's hair. The court informs counsel that the court will sign a joint custody implementation plan which will include standard language, including telephone access to the child twice per week at specific times. The court orders the following: that the plaintiff's motion to stay be granted and that he not be compelled to answer interrogatories; that a res judicata motion be maintained as the court's motion; that the defendant's motion to challenge domiciliary status be denied due to vagueness; and that each party pay their own court costs. A judgment will be signed upon presentation.

On June 1, 2021, the trial court rendered judgment again designating Timothy as domiciliary parent, and also signing a joint custody plan, granting to Alina particular physical custody and visitation rights, contact rights, and other related rights. On the same date, the trial court signed its judgment denying Alina's motion for an emergency continuance, filed on the morning of the scheduled hearing, and further denied Alina's attorney's request to participate in the hearing via Zoom conference, also filed the morning of the hearing. The trial court further granted, on its own motion, exceptions of no cause of action and res judicata as to Alina's motion requesting modification of the judgment designating Timothy as domiciliary parent. Alina thereafter appealed.

In her appeal, Alina asserts two assignments of error in the judgment of the trial court, as follows:

I. The Order of Visitation is not reasonable, nor does it constitute substantial time or frequent and continuing contact.

II. The Trial Court erred in its [] Res Judicata analysis.

## DISCUSSION

*Reasonableness of the Order of Visitation*

Alina asserts that the trial court committed legal error in fixing the joint custody implementation schedule. She argues that based upon the facts of the case, the trial court's judgment setting visitation and its accompanying joint custody plan do not comply with Louisiana jurisprudence, which provides that the non-custodial parent should be given substantial visitation time, with frequent and continuing contact between the parent and child. Within this argument, however, Alina complains only of the issue of the telephonic contact portion of the plan. She argues that from the language of the judgment she is entitled to "one-hour phone calls with her daughter on Tuesday and Saturday from 6:30 to 7:30 p.m. in addition to her minimal physical visitation with her minor child[,]" and claims this does not amount to substantial visitation nor frequent and continuing contact with E.G.S. Alina asserts that the trial court committed legal error in this decision, such that our review should be de novo. *See Evans v. Lungrin*, 97-541, 97-577 (La. 2/6/98), 708 So.2d 731. We disagree.

In child custody matters, the determinations of the trial court are entitled to great weight, and its discretion will not be disturbed on appellate review in the absence of a clear showing of abuse. *AEB v. JBE*, 99-2668 (La. 11/30/99), 752 So.2d 756. However, where there has been an error of law, a de novo review is required. *Evans*, 708 So.2d 731.

5

[W]here one or more trial court legal errors interdict the fact-finding process, the manifest error standard is no longer applicable, and, if the record is otherwise complete, the appellate court should make its own independent de novo review of the record and determine a preponderance of the evidence. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial. Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights. When such a prejudicial error of law skews the trial court's finding of a material issue of fact and causes it to pretermit other issues, the appellate court is required, if it can, to render judgment on the record by applying the correct law and determining the essential material facts de novo.

*Id.* at 735 (citations omitted).

Louisiana Revised Statutes 9:335(A)(1) and (2) provides that where joint custody is ordered, "the court shall render a joint custody implementation order except for good cause shown[]" and that "[t]he implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents." Based upon the facts of this case, we do not find any legal error on the part of the trial court in the joint custody implementation order. Nor do we find any abuse of the trial court's discretion in the implementation plan ordered here.

Given that Timothy resides in Louisiana and has the domiciliary custody of E.G.S., while Alina resides in Colorado, the trial court gave Alina two 21-day visitation periods each summer during the child's school years, the first to begin on June 2 each year with the child retuned to Timothy by June 24, and the second to begin on July 9 each year with the child returned to Timothy on July 31. In addition, the parents are to alternate the entire Christmas holiday, and are to alternate Thanksgiving, and Easter holidays, with one having Thanksgiving one year, the other Easter, then vice versa the next year. Further, Alina may have visitation any time mutually agreeable between the parties in Louisiana, upon

providing proper notice on when she can come to visit. In addition, the trial court's judgment provides:

> The parents are encouraged to be flexible in this schedule and to allow [Alina] (non -domiciliary parent) visitation with the minor child above that which is stipulated when that additional visitation is reasonable, does not interfere with the child's routine home, school, and extra -curricular activities, when that visitation facilitates open and natural access between the child and the non - domiciliary parent and therefore is in the best interests of the child[.]

As to the lack of adequate telephone contact complained of by Alina, we note that the judgment provides as to each parent that "[t]he parent who does not have the child at the time is granted at least two contact calls with the child each week at a designated agreed upon time[]" and "[s]hould the parties not agree then the calls shall be on Tuesday and Saturday at 6:30 P.M. to 7:30 P.M." What Alina fails to mention in brief is that the judgment additionally provides for telephone contact with the parent who is not with the child at any time the child initiates the contact.

Given the limited parameters faced in setting the implementation plan and schedule and the limitations caused by the distance between the states wherein the parents and the child reside, we find no abuse of the discretion of the trial court. Accordingly, we affirm the judgment in this regard.

*Res Judicata and the Dismissal of Alina's Motion for Change in Circumstances*

The judgment of the trial court dated June 1, 2021, provides:

> [A]fter reading into the record a portion of the Motion filed by Defendant challenging the decree concerning the domiciliary status and requesting a modification of the custody order, that said motion is inadequate in regards to specific allegations and therefore there is No Cause of Action and, in fact, the matter is RES JUDICATA, and with that reasoning, said Motion is dismissed.

On appeal, Alina claims that the trial court erred in its application of res judicata to her motion to modify. She contends that, at its essence, the doctrine of

7

res judicata does not apply to this situation, where she claims exceptional circumstances warrant a change in the original custody order.[6] Alina argues that pursuant to La.R.S. 13:4232, res judicata is not applicable to her motion to modify the prior custody order.

Timothy, however, argues that while the trial court used the reference to res judicata in its judgment, it first relied on its determination that Alina had set forth no cause of action in her pleading. Indeed, the language of the judgment first specifically finds that the allegations contained in Alina's motion set forth "No Cause of Action[.]" We note that pursuant to La.Code Civ.P. art. 927, the trial court or appellate court may supply the peremptory exception of no cause of action on its on motion.

The function of an exception of no cause of action is to determine whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. *Badeaux v. Sw. Computer Bureau, Inc.*, 05-612, 05-719 (La. 3/17/06), 929 So.2d 1211. It tests the legal sufficiency of the petition and is triable on the face of such. *State ex rel. Ieyoub v. Racetrac Petroleum, Inc.*, 01-458 (La.App. 3 Cir. 6/20/01), 790 So.2d 673. "No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action." La.Code Civ.P. art. 931. "The exception is triable on the face of the

---

[6] A. A judgment does not bar another action by the plaintiff:

(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.

B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse's education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated.

La.R.S. 13:4232.

pleadings, and, for purposes of resolving the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true." *Scheffler v. Adams & Reese, LLP*, 06-1774, pp. 4-5 (La.2/22/07), 950 So.2d 641, 646. At issue is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Id.* "Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action." *Id.* at 646-47.

A trial court's ruling sustaining an exception of no cause of action, is reviewed de novo by the appellate court as the exception raises a question of law and the trial court's judgment is based solely on the sufficiency of the petition. *Indus. Companies, Inc. v. Durbin*, 02-665 (La. 1/28/03), 837 So.2d 1207.

We note here that despite arguments, Alina acknowledges that the judgment designating Timothy as domiciliary parent was in fact a considered decree.[7] The issue was decided by the trial court following a three-day trial/hearing. Once a trial court has made a considered decree regarding permanent custody, the party seeking a change bears the heavy burden of proving that "the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child." *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La.1986).

Alina filed her motion to modify custody on July 9, 2020, alleging:

> [Alina] respectfully avers that there has been a material chan[g]e in circumstances between the parties. She would like to challenge the domiciliary status of the parties and modify the general

---

[7] "A considered decree is an award of permanent custody made after the trial court receives evidence of parental fitness to exercise care, custody, and control of children." *Link v. Link*, 13-1441, p. 3 (La.App. 3 Cir. 5/7/14), 139 So.3d 659, 662.

9

custody arrangements between the parties based on the change in living, lifestyle, and employment status of the parties. She believes a change is warranted pursuant to Louisiana law, and respectfully moves this court to do so.

She thereafter prayed for a hearing. In the motion, Alina fails to set forth what change in circumstances occurred following the hearing resulting in the initial custody decree, wherein Timothy was designated as custodial parent. As Alina alleged no facts other than a conclusory statement that there had been a material change in circumstances, we find no error in the trial court's conclusion that an exception of no cause of action was appropriate. *See Scheffler*, 950 So.2d 641. Accordingly, our ruling renders moot Alina's assertion of error pertaining to the trial court's application of res judicata as additional reasoning for its decision to dismiss her request to modify custody.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Defendant/Appellant, Alina H. G. Bals.

**AFFIRMED.**